

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

April 21, 2006

**By Hand Delivery**

James Rudasill, Esq.

                Re:       United States v. Larry Woodward
                             Case No. 05-391

Dear Mr. Rudasill:

      I am writing to provide you with certain information in response to your request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

**I.**      **Charges**

      Your client is currently charged with the following offenses: three counts of Unlawful Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), also known as crack cocaine, three counts of Unlawful Distribution of 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and four counts of Unlawful Use of a Communication Facility, in violation of 21 U.S.C. § 843(b). Please contact the undersigned AUSA if your client is interested in discussing a plea offer.

**II.**      **Discovery**

      **A.**      **Documents**

Copies of the following documents are enclosed with this letter:

- Buy #1 (March 10, 2004): Report of Investigation, Report of Controlled Substance Analysis, DEA-7, Undercover Officer's Report, Notes of Sgt. Curt Sloan, Statement of identification, Arrest photo of Larry Woodward, and Photocopies of pre-recorded funds
- Buy #2 (March 25, 2004): Report of Investigation, Undercover Officer's Report, Report of Controlled Substance Analysis, DEA-7, Notes of Sgt. Curt Sloan, Statement of identification, Arrest photo of Larry Woodward, and Photocopies of pre-recorded funds

- Buy #3 (March 30, 2004): Report of Investigation, Undercover Officer's Report, Report of Controlled Substance Analysis, DEA-7, Notes of Sgt. Curt Sloan, Statement of identification, Arrest photo of Larry Woodward, and Photocopies of pre-recorded funds
- Buy #4 (April 6, 2004): Report of Investigation, Undercover Officer's Report, Report of Controlled Substance Analysis, DEA-7, Notes of Sgt. Curt Sloan, Surveillance Notes, Statement of identification, Arrest photo of Larry Woodward, and Photocopies of pre-recorded funds
- Buy #5 (April 13, 2004): Report of Investigation, Undercover Officer's Report, Report of Controlled Substance Analysis, DEA-7, Notes of Sgt. Curt Sloan, Surveillance Notes, Statement of identification, Arrest photo of Larry Woodward, and Photocopies of pre-recorded funds
- Buy #6 (April 21, 2004): Report of Investigation (2), Undercover Officer's Report, Report of Controlled Substance Analysis, DEA-7, Notes of Sgt. Curt Sloan, Statement of identification (x2), Arrest photo of Guy Banks and Larry Woodward, Photocopies of pre-recorded funds, Copy of note listing phone number 202-251-8785
- Buy #7 (May 20, 2004): Report of Investigation (2), Undercover Officer's Report, Report of Controlled Substance Analysis, DEA-7, Notes of Sgt. Curt Sloan, Arrest photo of Guy Banks, Statement of identification, Arrest photo of Larry Woodward, and Photocopies of pre-recorded funds
- Videotapes of controlled narcotics transactions (5)
- Indictment

**B.    Evidence**

   **1.    Physical Evidence**

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

- drugs and packaging as indicated in the attached paperwork and completed laboratory analyses
- Videotapes of controlled narcotics transactions
- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred
- Phone records

   **2.    Radio Run Information**

\_\_\_X\_\_\_  The government believes there are no recorded communications relevant to this case.
_____   The government believes that there may be recorded communications relevant to this case. The recording will be provided consistent with the government's obligations under the Jencks Act. Should we determine that we may use the recorded

communications as evidence at trial, we will provide you a copy of the tape after we receive it.

### 3. Identification Evidence

As noted in the attached police reports, a single photograph of your client was shown to the participants involved in the controlled narcotics purchases.

### 4. Inspection

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described on the attached police reports, please contact me immediately and we can make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

### 5. Reports of Examinations or Tests and Experts

The government has provided the DEA Reports of Controlled Substance Analysis for the narcotics seized in this case. At this time, I am not aware of any crime scene processing or fingerprint analysis conducted in this case. Should you not be willing to stipulate to the results of the DEA analysis, please let me know **as soon as possible (in writing) so that there will be no trial delay**; I will then have to make arrangements for the chemist to testify.

The government may call a narcotics expert at trial. That expert may be Detective Anthony Washington, Detective Tyrone Thomas, or Sgt. John Brennan. Because of the large volume of narcotics cases set for trial, the lack of certainty that a case scheduled for trial will actual proceed to trial, and because of the fact that the Metropolitan Police Department narcotics experts are on call for many different courtrooms at the same time, the government cannot determine at this time the identity of the expert.

The expert may testify -- by providing information or by rendering an opinion -- concerning the following:

(a) the procedures used by the Metropolitan Police Department for handling narcotics evidence and for safeguarding the chain of custody and integrity of the evidence in narcotics cases.

(b) the quantitative and qualitative analysis of the narcotics evidence by the DEA and the strength of the substance.

(c) the methods of using and purchasing narcotics in the District of Columbia, including but not limited to: the reasons for such methods; the cost (price) of narcotics, both wholesale and retail; the common dosage of, usable and measurable amounts, and strength of narcotics; packaging materials, cutting agents, scales, and paraphernalia for using drugs; the use of stashes, and methods used to avoid detection of narcotics.

(d) the methods for processing, packaging, selling, transferring and trafficking narcotics in the District of Columbia, including but not limited to the roles of different participants in drug trafficking schemes.

(e) that beepers, pagers, cellular phones, automobiles, stashes, stash houses, safe houses, crack houses, weapons, open air drug markets, couriers, ledgers, safes, and false identities are commonly used in the sale, transfer, processing and trafficking of narcotics in the District of Columbia and elsewhere.

(f) that possession of narcotics for use can be distinguished from possession of narcotics with intent to distribute, and that, for a variety of reasons, possession of numerous individually packaged narcotics, or possession of fewer packages but accompanied by other indicia of sale, is generally more consistent with an intent to distribute than with mere possession for personal use.

The expert will base his/her opinions on the foregoing on his/her years of training and experience in the area of drug investigations.

The qualifications of the expert witnesses, Detectives Washington and Thomas, and Sgt. Brennan include, but are not limited to, the following:

- Detective Washington has been a police officer for more than 17 years. In September 1988 Detective Washington was assigned to the Fourth District vice unit as a narcotics investigator. In March 1990 Washington was assigned to the Narcotic Special Investigation Division as a narcotics detective. In November 1992 Washington was detailed to the United States Department of Justice, Drug Enforcement Administration as a Task Force Officer, where he remained until January 7, 2000. Detective Washington has served as a Superior Court Resident Narcotics Expert since January 7, 2000, and has testified many times.

- Detective Thomas has been a police officer for about 30 years. From 1971 through 1977 Detective Thomas worked undercover purchasing street level and wholesale amounts of illicit narcotics. From 1977 through 1982 Thomas was detailed to the DEA. From 1982 to 1987 Detective Thomas was assigned to the NSID. From 1987 to 1992 Thomas was assigned to the DEA Task Force, handling major narcotics investigations. From 1992 to 1997 Detective Thomas was assigned to the Major Narcotics Branch, overseeing major narcotics investigations. From 1997 to 1998

    Thomas was detailed to the Homicide Project.  From 1998 until his present assignment, Detective Thomas was detailed to the DEA Intelligence Group. Detective Thomas has testified in over 600 narcotics related cases as an expert witness in a variety of state and federal courts.  Detective Thomas has served as a Superior Court Resident Narcotics Expert since the fall of 2000, and has testified several times.

- Sgt. Brennan has been qualified to testify as an expert in Superior Court of the District of Columbia, and in U.S. District Court on numerous occasions.  I am unable to provide you with a resume for Sgt. Brennan.  However, you may contact him at (202) 439-1573.  Sgt. Brennan will be more than willing to discuss his credentials with you.

  Apart from their broad and varied work experiences, Detective Washington, Detective Thomas, and Sgt. Brennan have been trained at the Police Academy and have received ongoing education and training by various local and federal law enforcement agencies (including MPD, FBI, DEA, DOJ, and ATF) in areas including, but not limited to:  narcotics surveillance; manufacture of narcotics; the use, sale, packaging, and distribution of narcotics in the District of Columbia; drug identification; weights and measures of narcotics; surveillance techniques; constitutional law issues involved in the search and seizure of criminal suspects and their belongings; conduct and operation of the Mid-Atlantic DEA Laboratory; chain of custody procedures; the safeguarding of narcotics evidence; investigative techniques; the relationship between firearms and drug trafficking; and the execution of observations posts and undercover operations.  In addition, Detective Washington, Detective Thomas, and Sgt. Brennan have trained and instructed others, including police recruits and experienced officers, as well as members of the defense bar in the District of Columbia, in many of the areas listed above.

  Detective Washington, Detective Thomas, and Sgt. Brennan are familiar with the packaging, use, distribution, cost, and availability of narcotic substances.  They have also kept abreast of developments in the narcotics trade by way of ongoing formal and informal education.  With respect to the latter, Detectives Washington and Thomas, and Sgt. Brennan have participated in actual surveillance and arrests, which have involved contact with the participants of narcotics trafficking, including informants, cooperating witnesses, and "special employees."

  **C.**  **RULE 404(b) EVIDENCE (known at this time)**

  The government may seek to admit evidence of prior criminal conduct by your client pursuant FRE 404(b).  In the event that the government seeks to introduce such evidence at trial an appropriate notice will be filed.

  **D.**  **Defendant's Rule 16 Statements**

  At this time, I am not aware of any statements made by your client to law enforcement

subject to disclosure under Rule 16. If the government becomes aware of any such statements made by your client you will be notified in writing.

### E.   Criminal Record

Please refer to the Pretrial Services Report that you received at arraignment for further information about your client's record. I will notify you in writing if the government learns of any additional convictions.

### F.   Government's Discovery Requests

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including, but not limited to the following:

- notice of documents and tangible objects the defendant expects to introduce;

- a Jencks request for all prior statements of any defense witness (excluding the defendant);

- a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence;

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G.   Alibi Demand

The government makes an alibi demand pursuant to Fed R. Crim. P. 12.1. In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork. Pursuant to Rule 12.1, in the event you intend to offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

### H.   Other Information (Brady / Lewis / Giglio)

The government is unaware of any Brady or Giglio information, but is aware of its continuing duty to disclose such information should it become known. Lewis information for the government's witnesses will be provided to you at the time of trial.

**III. Contact Information**

If you have any questions about the information provided above, you may contact me by telephone, fax, or mail. In particular, please note the correct zip code for the U.S. Attorney's Office.

Steven B. Wasserman
Office of the United States Attorney
Federal Major Crimes Section
Room 4241
555 Fourth Street, N.W.
Washington, D.C. 20530

Office:     202-307-0031
Fax:        202-353-9414

                          Sincerely,

                          KENNETH L. WAINSTEIN
                        United States Attorney

By: _____
STEVEN B. WASSERMAN
Assistant United States Attorney

cc: District Court Case File (without attachments)