UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 05-391 (EGS) |
| v. | : | FILED |
| LARRY SAVY WOOODARD<br>Defendant. | : | NOV 3 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## GOVERNMENT'S STATEMENT OF OFFENSE

If this case were to go to trial, the government's evidence would show beyond a reasonable doubt that:

1. On March 10, 2004, the Defendant, Larry Savy Woodard, met with a cooperating source and undercover Metropolitan Police Officer Vernon Young. Earlier that day, the source had contacted the Defendant by telephone and arranged for the Defendant to buy crack cocaine on behalf of the undercover officer from co-defendant, Guy Martinez Banks. At approximately 5:30 p.m., the source and Officer Young picked the Defendant up in their vehicle and drove to the 3700 block of New Hampshire Avenue, Northwest, Washington, D.C. There, the source handed the Defendant $120.00 in pre-recorded currency. The Defendant then walked to a waiting vehicle occupied by co-defendant Banks. The Defendant gave co-defendant Banks the $120.00, and in exchange, co-defendant Banks gave the Defendant 19 ziploc bags of crack cocaine. The Defendant returned and handed the cocaine to Officer Young. Officer Young gave the Defendant $10.00 in payment for the Defendant's role as facilitator. The net weight of the crack cocaine was determined to be 1.5 grams.

2. On March 25, 2004, the source called the Defendant and arranged for another transaction. At approximately 6:00 p.m., the source and Officer Young met the Defendant near the intersection of Longfellow Street and Kansas Avenue NW and discussed the planned purchase. The Defendant informed the source and Officer Young that co-defendant Banks would arrive shortly. When Banks arrived, Officer Young handed the Defendant $150.00. The Defendant walked to Banks' waiting car and gave Banks the $150.00. In exchange, Banks handed the Defendant 27 ziploc bags of crack cocaine. The Defendant returned and handed the crack cocaine to Officer Young. Officer Young gave the Defendant $20.00 in payment for the Defendant's role as facilitator. The net weight of the crack cocaine was determined to be 1.5 grams.

3. On March 30, 2004, the source called the Defendant and arranged for another transaction.

At approximately 6:00 p.m., the source and Officer Young met the Defendant near the intersection of Longfellow Street and Kansas Avenue NW and discussed the planned purchase. The Defendant borrowed the source's cell phone and called co-defendant Banks, who arrived a short time later. Officer Young handed the Defendant $200.00. The Defendant walked to Banks' waiting car and gave Banks the $200.00. In exchange, Banks handed the Defendant 37 ziploc bags of crack cocaine. The Defendant returned and handed the crack cocaine to Officer Young. Officer Young gave the Defendant $40.00 in payment for the Defendant's role as facilitator. The net weight of the crack cocaine was determined to be 2.4 grams.

4.  On April 6, 2004, the Defendant called the source and instructed the source to set up another transaction. At approximately 6:45 p.m., the source and Officer Young drove to the intersection of Longfellow Street and Kansas Avenue NW, where the Defendant was already waiting with co-defendant Banks. The Defendant got out of Banks' car and walked to Officer Young, who handed the Defendant $300.00 after discussing the terms of the transaction. The Defendant then walked back to Banks' car, handed Banks the $300.00 and received from Banks 50 ziploc bags of crack cocaine. The Defendant returned and handed the crack cocaine to Officer Young. Officer Young gave the Defendant $40.00 in payment for the Defendant's role as facilitator. The net weight of the crack cocaine was determined to be 3.5 grams.

5.  On April 13, 2004, the Defendant called the source and instructed the source to set up another transaction. At approximately 5:45 p.m., the source and Officer Young drove to the intersection of Longfellow Street and Kansas Avenue NW, where the Defendant was already waiting with co-defendant Banks. The Defendant got out of co-defendant Banks' car and walked to Officer Young, who handed the Defendant $550.00 after discussing the terms of the transaction. The Defendant then walked back to Banks' car, handed co-defendant Banks the $550.00 and received from co-defendant Banks 100 ziploc bags of crack cocaine. The Defendant returned and handed the crack cocaine to Officer Young. Officer Young gave the Defendant $70.00 in payment for the Defendant's role as facilitator. The net weight of the crack cocaine was determined to be 6.5 grams.

6.  On April 21, 2004 at approximately 6:33 p.m., near the intersection of Longfellow Street and Kansas Avenue NW, the Defendant introduced Undercover Officer Young to co-defendant Banks. The Defendant and Officer Young got into the car that Banks was driving, and Banks drove them around the block. During that trip, Banks handed Officer Young 201 ziploc bags of crack cocaine for $1100.00. The Defendant received $60.00 from Officer Young, in payment for the Defendant's role as facilitator. The net weight of the crack cocaine was determined to be 13.9 grams.

7.      On May 20, 2004 at approximately 5:45 p.m., the Defendant met Officer Young and the source near the intersection of Longfellow Street and Kansas Avenue NW. The Defendant called Banks on the source's cell phone, and informed Officer Young and the source that they would have to meet Banks near the intersection of Third and Jefferson Streets NW. The three drove to that location in the source's vehicle. When they arrived, Banks also arrived at that location. Officer Young entered Banks' vehicle and conducted a hand to hand transaction. Banks gave Officer Young a large plastic bag that contained 140 smaller ziploc bags of crack cocaine as well as larger loose rocks of crack cocaine. Officer Young paid Banks $1200.00 for the crack cocaine. Officer Young gave the Defendant $30.00 in payment for the Defendant's role as facilitator. The net weight of the crack cocaine was determined to be 14.6 grams.

8.      On each occasion, Officer Young conducted field tests on the purchased crack cocaine. Each field test indicated that the substances purchased were cocaine base. Moreover, each set of drugs purchased was also submitted to the Drug Enforcement Agency's laboratory where chemical analyses determined that each set of drugs was cocaine base.

The foregoing proffer of evidence is not intended to be an exhaustive statement of all facts known by the defendant relating to each incident or as to other matters relevant to the above-described enterprise. The foregoing proffer of evidence is only a limited statement of facts necessary to support the defendant's plea of guilty.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NO. 489-610

BY:  *Edw A O'Connell*
EDWARD A. O'CONNELL
DENISE M. CLARK
Assistant United States Attorneys
555 Fourth Street NW
Washington, DC 20530
(202) 514-6997

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my distribution of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2, and as to my attempted distribution of cocaine, in violation of Title 48, District of Columbia Code, Section 904.01(a)(1) and 904.09. I have discussed this proffer fully with my attorney, James W. Rudasill Jr., Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: Nov. 1. 2006

LARRY SAVY WOODARD
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's distribution of cocaine base, and distribution of cocaine. I have reviewed the entire proffer with my client and have discussed it with him fully. I acknowledge my client's agreement with and acceptance of this proffer.

Date: Nov. 1st 2006

JAMES W. RUDASILL JR.
Counsel for Defendant