

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 26, 2006

James Rudasill, Esq.
717 D Street, NW
Suite 310
Washington, D.C. 20004

**FILED**

**NOV 3 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>Via Facsimile</u>: (202) 628-2881

                Re:      <u>United States v. Larry Woodard</u>
                         Criminal Number: 05-391 (EGS)

Dear Mr. Rudasill:

       This letter confirms the agreement between your client, Larry Woodard, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

       1. Your client, Larry Woodard, agrees to admit guilt and enter a plea of guilty to Attempted Distribution of Cocaine, in violation of D.C. Section 48-904.01 (a)(1), as set forth in Count Two of the Superceding Information, a copy of which is attached. Your client understands that pursuant to D.C. Sections 48-904.01(a)(2)(B) and 48-904.09, the charge of Attempted Distribution of Cocaine carries a maximum sentence of 30 years, a fine of up to $500,000, or both, up to five years of supervised release and an assessment of between $50 and $250 to the Crime Victims Compensation Fund.

       2. Your client acknowledges that while the Government will not oppose your client's request for release pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.

       3. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Woodard and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. During the plea hearing, Mr. Woodard will provide a truthful insulating statement under oath in which he identifies the person who provided Mr. Woodard with the ziplocks of cocaine he sold to the undercover officer on March 10, 2004,

March 25, 2004, March 30, 2004, April 6, 2004, April 13, 2004, April 21, 2004 and May 20, 2004. Mr. Woodard agrees that the "Statement of the Offense" fairly and accurately describes Mr. Woodard's actions and involvement in the offense charged in the Information and the actions and involvement of his co-defendant, Guy Banks.

    4. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any sentencing determinations.

    5. It is understood that the sentence to be imposed upon your client is determined solely by the Court. The Court may consult the D.C. Voluntary Sentencing Guidelines in fashioning the sentence in this case. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

    6. Your client understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

    7. Your client understands that this Office will not oppose your client's request for probation. The Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion, or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

    8. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

    9. This Office will request that the Court dismiss the Indictment and Count One of the Superceding Information in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

    10. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District

of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

11. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

12. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

*Jeffrey A Taylor /EOC*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


*Edw A O'Connell*
DENISE M. CLARK
EDWARD A. O'CONNELL
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, James Rudasill, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: Nov. 1, 2006

Larry Woodard
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: Nov 1st 2006

James Rudasill, Esquire
Attorney for the Defendant